IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CLIFTON TAYLOR, )
)
        Plaintiff, )
)
vs. ) Case No. 10-0571-CV-W-ODS
)
MICHAEL MRACHEK and )
THAD WINKELMAN, )
)
        Defendants. )

## ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS

Pending is Defendants' Motion to Dismiss. For the following reasons, the motion (Doc. # 12) is granted.

## I. BACKGROUND

On January 21, 2010, a jury found Plaintiff guilty of bank robbery, and on July 29, 2010, he was sentenced to 105 months imprisonment. He is currently appealing his conviction. In June 2010, Plaintiff filed a civil rights lawsuit against (1) Michael Mrachek, a Special Agent with the FBI involved in the bank robbery investigation and (2) Thad Winkelman, a video analyst for the Heart of America Regional Computer Forensics Laboratory. Plaintiff was arrested at a cell phone store. He alleges Mrachek violated his Fourth Amendment rights by obtaining a videotape of the arrest from the cell phone store's video cameras. He alleges Winkelman violated his rights by tampering with the videotape of the arrest in some unspecified manner.

## II. DISCUSSION
### A. Mrachek

Plaintiff's assertions against Mrachek fail to state a claim for which relief can be granted. He did not own the cell phone store, the video equipment, or the tape.

Therefore, he had no Fourth Amendment interest to protect. "The Fourth Amendment protects the privacy interests of persons, not of places or things." United States v. Voice, 622 F.3d 870, 877 (8th Cir. 2010). Therefore, an individual has a Fourth Amendment interest "only if he manifested a subjective expectation of privacy in the property that society accepts as objectively reasonable." Id. (quoting California v. Greenwood, 486 U.S. 35, 39 (1988)); see also Rakas v. Illinois, 439 U.S. 128, 143 (1978). Assuming Plaintiff manifested a subjective expectation of privacy in the videotape, it is not one society would accept as objectively reasonable.

Plaintiff insists that the store owner's rights were (or may have been) violated by the seizure. Even if this is true, that does not give Plaintiff a claim. "Fourth Amendments rights . . . are personal and cannot be asserted vicariously." United States v. Perry, 548 F.3d 688, 691 (8th Cir. 2009). The focus must be on whether Plaintiff's legitimate expectation of privacy was violated; he cannot prevail by claiming injury from the violation of another person's privacy.

## B. Winkelman

Plaintiff's claim against Winkelman is barred by the Supreme Court's decision in Heck v. Humphrey. In that case, the Court held "in order to recover damages for . . . other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." 512 U.S. 477, 486-87 (1994). Plaintiff is essentially using this civil rights proceeding to attack rulings made before and during his criminal trial and the jury's verdict. The Court's records demonstrate the case

2

is currently on appeal, and none of the events required to permit Plaintiff's claim for damages have occurred.[1]

In addition, his Complaint fails to sufficiently allege a violation of his rights. "A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted). Nonetheless, the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 93 (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003). In this case, Plaintiff has

---

[1] Heck does not apply to claimed violations of the Fourth Amendment, Heck, 512 U.S. at 487 n.7, so it does not apply to Plaintiff's claim against Mrachek.

attached a copy of the video purporting to "skip" or omit sequences.  The Court has reviewed the video and there are no omissions.  Accordingly, he has failed to state a claim for tampering.

    The Clerk of Court shall mail a copy of this Order to:

Clifton Taylor
Reg. No. 21415-045
Victorville Medium II
Federal Correctional Institution
P.O. Box 5300
Adelanto, California 92301

IT IS SO ORDERED.


                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, JUDGE
DATE: February 17, 2011          UNITED STATES DISTRICT COURT